No. 80–1640. UNITED STATES NUCLEAR REGULATORY COMMISSION ET AL. v. SHOLLY ET AL.; and

No. 80–1656. METROPOLITAN EDISON CO. ET AL. v. PEOPLE AGAINST NUCLEAR ENERGY ET AL., 461 U. S. 912. Motion of respondents for reconsideration of the Court's order denying their motion to retax costs denied.

JUSTICE BLACKMUN, dissenting.

In order to facilitate maintenance and cleaning following the 1979 accident at a nuclear reactor at Three Mile Island, petitioner Nuclear Regulatory Commission approved an amendment to the reactor's operating license authorizing the venting of accumulated radioactive gas. Respondents, several individuals who reside near Three Mile Island and an organization opposed to nuclear power, filed an action in the United States Court of Appeals for the District of Columbia Circuit challenging the Commission's determination that it could approve the amendment without a hearing.

Before the Court of Appeals acted on the case, the venting process was completed. The court eventually held that the case was not moot because the situation was capable of repetition yet evading review. On the merits, the court agreed with respondents that the Commission lacked authority under § 189 of the Atomic Energy Act, 42 U. S. C. § 2239, to dispense with a hearing before amending a license. 209 U. S. App. D. C. 59, 651 F. 2d 780 (1980) *(per curiam)*. The Commission then proposed to Congress legislation that would authorize similar license amendments without a hearing.

We granted certiorari, 451 U. S. 1016 (1981), and twice postponed oral argument while Congress considered the proposed legislation. 454 U. S. 1050 (1981); 458 U. S. 1128 (1982).

In January of this year, Congress enacted legislation amending the relevant portion of § 189. Act of Jan. 4, 1983, § 12(a), 96 Stat. 2073. Petitioners then suggested that this Court vacate and remand the case to the Court of Appeals with directions to dismiss it as moot. On February 22, we adopted an alternative disposition proposed by respondents, vacating the judgment and remanding for consideration of the issue of mootness and for further consideration in light of the new law. 459 U. S. 1194.

Costs were assessed against respondents in the amount of $2,226 pursuant to this Court's Rule 50.2, which provides: "In a case of reversal or vacating of any judgment or decree by this Court, costs shall be allowed to appellant or petitioner, unless otherwise ordered by the Court." Respondents moved to retax costs, asserting that under the circumstances it would be unfair to burden them with petitioners' costs as well as their own. The Court, over the dissent of two Justices, denied the motion on May 2, 1983, 461 U. S. 912, and respondents now seek reconsideration of that decision.

In again denying respondents' motion to retax costs, the Court fails to exercise the sound discretion contemplated by Rule 50.2. The rationale of Rule 50.2 is that a petitioner who prevails in this Court should be reimbursed for his costs. In essence, the Rule presumes that the petitioner prevails when the lower court's judgment is vacated or reversed, but enables the Court to alter the operation of that presumption when fairness so dictates. The Court has exercised this authority in prior cases, *e. g., Commissioner* v. *Standard Life & Accident Ins. Co.,* 434 U. S. 900 (1977); *Wood* v. *Strickland,* 421 U. S. 997 (1975). In my view, it is even more appropriate in this case to depart from the usual operation of the Rule and to order that each party bear its own costs.

In vacating the Court of Appeals' judgment, this Court expressed no view of the merits. The only judicial decision addressing the propriety of the Commission's actions under the preamendment version of § 189 is that of the Court of Appeals, which resolved the issue in respondents' favor. This Court's judgment in no way suggests that petitioners would have triumphed under the prior statutory scheme; it simply reflects petitioners' success in shifting their energies from the judicial to the legislative arena. Petitioners, in short, lost in the Court of Appeals, persuaded this Court to review that court's decision at substantial cost to all the parties, and, after obtaining an amendment of the relevant statutory provision, sought unsuccessfully to have this Court order the Court of Appeals to vacate its judgment as moot. Yet respondents, who were victorious in the Court of Appeals, and suggested the disposition adopted by the Court in this case following the enactment of the new legislation, now must pay petitioners' costs.

Because this result is unnecessary under the Court's Rules and patently unfair under the circumstances of this case, I dissent. I would grant respondents' motion, and allow no costs to either party.